KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (Cal. State Bar No. 111536)
RYAN BRICKER (Cal. State Bar No 269100)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

JS-6

Attorneys for Plaintiffs
CHRISTIAN LOUBOUTIN,
CHRISTIAN LOUBOUTIN SA, and
CHRISTIAN LOUBOUTIN LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LOUBOUTIN, CHRISTIAN LOUBOUTIN SA, and CHRISTIAN LOUBOUTIN LLC<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>NIKI MOOSH and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 13-cv-2242 CAS (AJWx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the parties' stipulation, the Court enters judgment as follows:

**I.　FINDINGS OF FACT:**

1.　LOUBOUTIN owns a number of trademarks, that it has registered around the world, including in the United States as shown in the following chart:

| Trademark | Registration number | Territory |
|---|---|---|
| CHRISTIAN LOUBOUTIN | 3 206 366 | United States of America |
| *Christian Louboutin* (signature logo) | 1 816 940 | |
| (signature mark) | 3 876 383 | |
| (shoe sole design) | 3   361 597 | |

2. LOUBOUTIN has used these and other trademarks ("Trademarks") for many years to identify itself as the source of its high quality footwear and leather goods.

3. The Trademarks are valid and famous trademarks owned by LOUBOUTIN and that LOUBOUTIN has the exclusive right to use the Trademarks throughout the world.

4. MOOSH has offered to sell and sold products bearing one or more of these trademarks which were never manufactured by or for LOUBOUTIN or with its approval.

5. MOOSH has used social media sites to solicit her consumers, including but not limited to Facebook ("Niki Moosh"), Instagram ("nikimoush", and "nikimoosh2." Examples of MOOSH's offers and sales are annexed as Exhibit 1.

6. MOOSH's offers and sales violate LOUBOUTIN's rights in its Trademarks.

7. LOUBOUTIN has incurred or suffered damages totaling no less than $12,500 that is uncompensated by this Judgment and Final Injunction.

8. The following consitute all of the sources of supply that MOOSH has identified as her source of supply for any products bearing the Trademarks

.   a. Ronghua Wang residing in the People's Republic of China (address unknown); contact through www.ioffer.com; transaction through Western Union.

   b. Zhongqiu Sun residing in the People's Republic of China (address unknown); contact through www.ioffer.com; transaction through Western Union.

## II. JUDGMENT AND INJUNCTION

1. Based on the stipulated facts, the Court finds that MOOSH has infringed, diluted and counterfeited LOUBOUTIN's trademark rights under the Federal Lanham Act, 15 U.S.C. §§ 1114; and competed unfairly with LOUBOUTIN in violation of LOUBOUTIN's rights under 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(c), and under California law, she and her agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert or participation with her are permanently enjoined as follows:

   a. From producing, arranging for production, importing, manufacturing, advertising, distributing, offering for sale or selling any products bearing any of the Trademarks, or counterfeit copies or imitations of them, or engaging in any conspiracy with others to do so;

   b. From infringing, diluting or otherwise damaging LOUBOUTIN's rights with respect to the Trademarks;

   c. From using any of the Trademarks or any trademark that is likely to cause confusion as to LOUBOUTIN's affiliation, connection, association, sponsorship, or approval of MOOSH or her products or services.

2. MOOSH and her agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert or participation with her shall destroy all products bearing the Trademarks, and all production machines, label-makers, other machines, labels, equipment and sundries, photographs, data files and all other materials used in the manufacture, promotion or sale of counterfeit "Christian Louboutin" products, and turn over all items the use of which would violate this Court's injunction.

3. Judgment is entered in favor of LOUBOUTIN in the amount of $5000 to be paid in four installments of $1250, first by May 1, 2013, second by September 1, 2013, third by January 1, 2014 and fourth by May 1, 2014. Each installment shall be paid with a certified check from MOOSH's counsel and payable to "Christian Louboutin SAS," delivered by express mail to Gregory S. Gilchrist, Kilpatrick, Townsend & Stockton, Two Embarcadero Center, Suite 800, San Francisco CA, 94111.

4. The Court's findings are based upon MOOSH's consent and her representations. Should any of MOOSH's representations prove false or should MOOSH fail to comply with the Court's injunction, MOOSH shall pay $12,500 to compensate for the unreimbursed expenses and

1  damages suffered by LOUBOUTIN to date and additionally, subject to proof under the applicable
2  authority, any additional damages suffered by LOUBOUTIN by virtue of such violations. For any
3  future sales of counterfeit products bearing the Trademarks, MOOSH shall pay a minimum of $250
4  per unit.

5  **IT IS SO ORDERED.**

7  DATED: May 3, 2013          By: _____
                                   HON. CHRISTINA A. SNYDER
8                                  UNITED STATES DISTRICT COURT JUDGE

10  65363661V.1